IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**REGINALD CRAIG LAWSON,**

      **Plaintiff,**

v.                                          Civil Action No. 1:24-CV-37
                                               (JUDGE KLEEH)

**CITY OF ST. ALBANS, WEST VIRGINIA;**
**KANAWHA COUNTY, WEST VIRGINIA; and**
**STATE OF WEST VIRGINIA,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER OF TRANSFER

On April 10, 2024, Plaintiff filed the Complaint herein [ECF No. 1], naming the above-captioned Defendants. On that same date, the Hon. Thomas S. Kleeh, Chief United States District Judge, entered a Referral Order [ECF No. 4], directing that the undersigned United States Magistrate Judge "conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

Plaintiff complains of actions taken by the Police Department of the City of St. Albans, West Virginia. The reason for naming Kanawha County, West Virginia and the State of West Virginia as party-defendants is unclear from the face of the Complaint. Nonetheless, the undersigned takes judicial notice of the fact that the City of St. Albans, West Virginia lies within Kanawha County, West Virginia and as such, is located within the Southern District of West Virginia. Plaintiff also filed an accompanying motion to proceed *in forma pauperis*. [ECF No. 2]. As such, the undersigned recognizes the obligation to screen the *pro se* Complaint. See 28 U.S.C. § 1915(e)(2).

Upon review of the Complaint, the undersigned finds that matters alleged therein have no connection to the Northern District of West Virginia which would give rise to proper venue here. However, in conducting such review, the undersigned refrains from ruling on the request to proceed *in forma pauperis* or conducting a full screening of the merits of the claims which Plaintiff attempts to lodge. Such further review should be conducted by the Court with proper venue.

Plaintiff's Complaint is quite brief. He alleges that his claims are based on federal question jurisdiction. He alleges that certain persons affiliated with the Police Department of the City of St. Albans misused his driver's license, which ultimately resulted in his arrest and incarceration, in violation of certain constitutional rights. He seeks damages in the amount of $6,720,000.00, an apology, and deletion of certain records pertaining to the alleged arrest.

Nothing about the allegations, as set forth, gives rise to venue in the Northern District of West Virginia. After all, as provided by statute:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Moreover, a companion statute provides in pertinent part that, for residency, to determine proper venue:

> (1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled; (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the

2

> court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business[.]

28 U.S.C. § 1391(c). In the instant matter, Plaintiff has named Defendants located in the Southern District of West Virginia. Plus, Plaintiff has alleged events which appear to have taken place entirely in the Southern District of West Virginia. Under these statutes, then, venue is proper in the Southern District of West Virginia.

As for the remedy for filing in the wrong venue, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, per this statute, the Court either may (1) dismiss this action for lack of venue, or (2) transfer this action to the District where Plaintiff should have brought it in the first place.

To protect Plaintiff's rights as *a pro se* litigant, the undersigned will order that the action be transferred to the Southern District of West Virginia, rather than recommend to the District Judge that the action be dismissed altogether. In so doing, it will avoid prejudice to Plaintiff which may arise from outright dismissal for failure to file in the proper venue. What is more, "[a]n order issued by a magistrate judge transferring venue . . . is non-dispositive." Shenker v. Murasky, No. 95 CV 4692, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996). See also 28 U.S.C. § 636(b)(1)(A) (setting forth the scope of United States Magistrate Judge authority). Thus, the undersigned enters the instant Memorandum Opinion and Order, given the non-dispositive nature of the decision issued hereby.

Accordingly, it is hereby **ORDERED** that proper venue for the instant matter is the Southern District of West Virginia and that the matter shall be transferred to that District.

3

The Clerk of the Court is **DIRECTED** to **TRANSFER** this matter, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Southern District of West Virginia.

**Dated: April 11, 2024**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE